**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) | **C O M P L A I N T** |
| v. | ) ) | |
| Harris Bank, | ) ) | |
| Defendant | ) ) | **JURY TRIAL DEMAND** |
| | ) | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Harris Bank ("Defendant") violated the ADA by:

1) Terminating the employment of Charging Parties Araceli Hurtado, Regina Sanders, Cynthia Pickens, and Erika Rodriguez and a class of qualified disabled employees rather than accommodating them;

2) Failing to provide reasonable accommodations to Araceli Hurtado, Regina Sanders, Cynthia Pickens, and Erika Rodriguez and a class of qualified disabled employees who were able to return to work from medical leave. Such accommodations could include extension of leave with job protection, allowance of intermittent leave when the employee returns to work, and/or other accommodations permitted under the ADA.

3) Discriminating against Araceli Hurtado, Regina Sanders, Cynthia Pickens, and Erika Rodriguez and a class of disabled former employees by failing to rehire them after being terminated pursuant to its medical leave policy.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5.

2.      The employment practices alleged to be unlawful were committed within the State of Illinois and elsewhere where Defendant does business in the United States.

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant was doing business in the State of Illinois and had at least 15 employees.

5.      At all relevant times, Defendant was an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7.       More than thirty days prior to the institution of this lawsuit, Araceli Hurtado, Regina

Sanders, Cynthia Pickens, and Erika Rodriguez filed Charges of Discrimination with the EEOC

alleging violations of Title I of the ADA by Defendant.

8.       On August 1, 2011, the EEOC determined that there was reasonable cause to believe

that Defendant had violated the ADA.

9.       On August 1, 2011, the EEOC invited the parties to engage in conciliation.

10.       On August 3, 2012, the EEOC informed the parties that the EEOC was unable to

secure from the Defendant a conciliation agreement acceptable to the Commission.

11.       All conditions precedent to the institution of this lawsuit have been fulfilled.

12.       Since at least 2006, Defendant has maintained an inflexible medical leave policy which

does not provide for reasonable accommodation of qualified individuals with disabilities and which

instead provides for termination of their employment, in violation of Sections 102(a), 102(b)(5)(A),

of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and.  Defendant has also discriminated

against a class of qualified individuals with disabilities by failing to rehire them after being terminated

pursuant to its medical leave policy, in violation of Sections 102(a), 102(b)(5)(A) and (b)(5)(B) of

Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A) and (b)(5)(B).

13.       Each class member is a qualified individual with a disability who could perform the

essential duties of his or her job with or without a reasonable accommodation.

14.       For example, Charging Party Regina Sanders is a qualified individual with a disability

who could perform the essential functions of her job with or without a reasonable accommodation.

Sanders worked as a Senior Administrative Assistant in 2006.

15.       In or around May 2006, Sanders took a medical leave of absence for reasons related to

her disability, colon cancer, and the treatment thereof.

16.     While Sanders was on medical leave, Defendant filled her position.

17.     In February 2007, Sanders was capable of returning to work and, at that time, was still an employee in good standing with Defendant.

18.     At no time did Defendant engage in an interactive process to return Sanders to work.

19.     Defendant failed to consider Sanders for reassignment for open positions for which she was qualified.  After February 2007, Sanders applied for, but did not receive, at least one job at Defendant.

20.     Defendant fired Sanders, pursuant to its policy described in paragraph 12, rather than accommodate her by extending her leave, offering her extended job-protection status, offering her other reasonable accommodations, and/or returning her to work in an available position which she could have performed, in violation of  Sections 102(a), 102(b)(5)(A), and (b)(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and (b)(5)(B).

21.     Charging Party Araceli Hurtado is a qualified individual with a disability who could perform the essential functions of her job with or without a reasonable accommodation.  Hurtado worked as a Customer Service Representative from 2004 to 2006.

22.     In or around April 2006, Hurtado took a medical leave of absence for reasons related to her disabilities, Bell's Palsy, anxiety disorder, and depression.

23.     Hurtado informed Defendant that she would be able to return to work on or around November 22, 2006.  Approximately one week before she was scheduled to return to work from her medical leave, Defendant replaced her.  At that time, Hurtado was an employee in good standing with Defendant.

24.     Defendant failed to provide Hurtado with the reasonable accommodation of an additional six weeks of job-protected leave, which would have allowed her to return to work at Defendant.

25.     Defendant failed to consider Hurtado for any accommodation that would have returned her to work, including, but not limited to, reassignment to an open position for which she was qualified.

26.     Defendant fired Hurtado on November 22, 2006, the same day that she was released to return to work.

27.     Defendant fired Hurtado, pursuant to its policy described in paragraph 12, rather than accommodate her by extending her leave, offering her extended job-protection status, offering her other reasonable accommodations, and/or returning her to work in an available position which she could have performed, in violation of 102(a), 102(b)(5)(A), and (b)(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and (b)(5)(B).

28.     Charging Party Cynthia Pickens is a qualified individual with a disability who could perform the essential functions of her job with or without an accommodation. Sanders worked as a Personal Banker from 2001 to 2007.

29.     In or around May 2007, Pickens took a medical leave of absence for reasons related to her disability, post traumatic stress disorder and panic attacks resulting therefrom.

30.     In or around August 2007, Pickens' medical leave expired. Around that time, Defendant informed Pickens that she would be terminated pursuant to its medical leave policy if she did not return to work.

31.     In or around September 2007, Pickens spoke with Defendant or its medical leave provider and requested additional medical leave.

32.     On September 1, 2007, Defendant terminated Pickens because her job had been filled by Defendant.

33.     Less than six weeks after her medical leave expired, Pickens was released to return to work.

34.     In the following year, Pickens applied for no fewer than three jobs at Defendant for which she was qualified, but was not selected for any of the positions.

35.     At no time did Defendant engage in an interactive process to return Pickens to work.

36.     Defendant failed to consider providing Pickens with any accommodation that would have allowed her to return to work, including, but not limited to, reassignment to an open position for which she was qualified.

37.     Defendant fired Pickens, pursuant to its policy described in paragraph 12, rather than accommodate her by extending her leave, by offering her extended job-protection status, by offering her other reasonable accommodations, and/or by returning her to work in an available position which she could have performed, in violation of 102(a), 102(b)(5)(A), and (b)(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and (b)(5)(B).

38.     Charging Party Erika Rodriguez is a qualified individual with a disability who could perform the essential functions of her job with or without an accommodation. Rodriguez worked as a Personal Banker from 2005 to 2009.

39.     Rodriguez has asthma, which qualifies her as disabled under the ADA.

40.     Beginning in June 2009, Rodriguez starting taking intermittent medical leave.

41.     In February 2010, Rodriguez exhausted her job-protected medical leave, but due to her disability, she still required intermittent leave to cope with her condition.

42.     Defendant refused to give Rodriguez any additional job-protected leave. Rodriguez then was forced to take personal leave when she experienced an asthma attack. Defendant then fired Rodriguez for taking too many personal leave days to recover from asthma attacks.

43.     Defendant fired Rodriguez, pursuant to its policy described in paragraph 12, rather than accommodate her by extending her leave, offering her extended job-protection status, offering her other reasonable accommodations, or returning her to work in an available position which she could

6

have performed, in violation of 102(a), 102(b)(5)(A), and (b)(5)(B) of Title I of the ADA, 42 U.S.C.

§§ 12112(a), 12112(b)(5)(A), and (b)(5)(B).

44.     Similar to Hurtado, Sanders, Pickens and Rodriguez, each class member is a qualified

individual with a disability who could perform the essential functions of his or her job with or

without a reasonable accommodation.  Because disabilities, and the reasonable accommodations

appropriate for particular individuals with disabilities, may vary significantly, the reasonable

accommodations which Defendant should have made available to class members to permit them to

perform the essential functions of their jobs (with or without a reasonable accommodation), would

not have all been the same. The reasonable accommodations would have varied from class member

to class member on an individual basis, as determined through an interactive process between

Defendant and the individual class members.  However, rather than engage in that interactive

process and reasonably accommodate these class members, without undue hardship to itself,

Defendant terminated the class members' employment, pursuant to its policy described in paragraph

12.

45.     The unlawful employment practices complained of in paragraphs 12-44 above were

intentional.

46.     The unlawful employment practices complained of in paragraphs 12-44 above were done

with malice or with reckless indifference to the federally protected rights of Hurtado, Sanders,

Pickens and Rodriguez, and a class of qualified individuals with disabilities

47.     The effect of the practices complained of in paragraphs 12-44 above has been to deprive

Hurtado, Sanders, Pickens and Rodriguez, and a class of qualified individuals with disabilities of

equal employment opportunities and otherwise adversely affect their status as employees because of

their disabilities.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of disability;

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices of Defendant;

C.      Order Defendant to make whole Hurtado, Sanders, Pickens and Rodriguez and a class of qualified individuals with disabilities by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.      Order Defendant to make whole Hurtado, Sanders, Pickens and Rodriguez and a class of qualified individuals with disabilities by providing compensation for past and future pecuniary losses resulting from their unlawful termination, including, but not limited to, job search expenses;

E.      Order Defendant to make whole Hurtado, Sanders, Pickens and Rodriguez and a class of qualified individuals with disabilities by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 12-44 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to pay Hurtado, Sanders, Pickens and Rodriguez and a class of qualified individuals with disabilities punitive damages for its malicious and reckless conduct, as described in paragraphs 12-44 above, in an amount to be determined at trial;

G.     Grant such further relief as the Court deems necessary and proper in the public interest; and

H.     Award the Commission its costs of this action.


## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

U.S. Equal Employment Opportunity
Commission
131 M Street, NE
Washington, D.C. 20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

/s/ Aaron R. DeCamp
Aaron R. DeCamp
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
312-869-8106